THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v.
JOSEPH MORIARTY, DEFENDANT-RESPONDENT.

Argued February 18, 1963—Decided March 18, 1963.

*Mr. William A. O'Brien,* Assistant Prosecutor, argued the
cause for appellant (*Mr. Lawrence A. Whipple,* Hudson
County Prosecutor, attorney; *Mr. Ralph P. Messano,* First
Assistant Prosecutor, on the brief).

*Mr. Raymond A. Brown* argued the cause for respondent.

The opinion of the court was delivered

Per Curiam. This is an appeal, upon leave granted, from an order suppressing the product of a search. We certified the matter before the Appellate Division acted upon it.

The search was made under a warrant issued by Judge Reeves of the Hudson County Court upon the affidavit of a lieutenant of the New Jersey State Police. The affiant, in setting forth the "facts" showing probable cause, spoke only of:

"Information given to the deponent to the effect that bookmaking and a lottery are being conducted within the above-described premises. This information is the result of an investigation by the New Jersey State Police and was communicated to the deponent in the ordinary routine of police business from sources which the deponent believes to be reliable."

The affidavit was insufficient in that it failed to reveal any facts upon which the magistrate could decide whether probable cause existed. *State v. Macri*, 39 *N. J.* 250 (1963). It was developed on the motion to suppress that Judge Reeves had questioned the affiant and elicited sundry facts which would have sufficed to support the warrant. Since the Fourth Amendment of the Constitution of the United States and *Art.* I, *par.* 7 of the Constitution of our State require that the probable cause for a warrant be "supported by oath or affirmation," the question became whether Judge Reeves had had the officer swear to the truth of what the officer revealed. The trial court found Judge Reeves had not. We thought the testimony of Judge Reeves might properly be read otherwise and hence called for a certificate by him. Judge Reeves thereupon certified to us that the oath he administered was limited literally to the generalizations in the affidavit of the officer. This, of course, coincided with the trial court's finding. It is regrettable that a warrant which would have been justified by the known facts must fall, but the failure to comply with the plain requirement of the Constitutions permits no other result.

The order must be affirmed.

*For affirmance*—Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*For reversal*—None.